IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MORESIA BROWN HAMILTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1501-G-BN |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Moresia Brown Hamilton brings this *pro se* lawsuit "asking the Court to intervene" to assist her 18-year-old son regain benefits that the son was receiving because his father receives Social Security disability benefits. *See* Dkt. No. 3.

Senior United States District Judge A. Joe Fish referred Hamilton's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the complaint, the undersigned questions whether there is subject matter jurisdiction and, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Hamilton notice as to the jurisdictional deficiency. And the ability to file objections to the undersigned's recommendation that this case be dismissed for lack of jurisdiction (further explained below) provides an opportunity for Hamilton to establish to the Court (if possible) that it does indeed

have subject matter jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Hamilton alleges that her son stopped receiving benefits upon turning 18 but that he is still a high school student. *See* Dkt. No. 3. And the Social Security Administration explains through its website that, concerning family benefits based on Social Security disability benefits,

> [n]ormally, benefits stop when children reach age 18 unless they are disabled. However, if the child is still a full-time student at a secondary (or elementary) school at age 18, benefits will continue until the child graduates or until two months after the child becomes age 19, whichever is first.

Social Security, Disability Benefits | Family Benefits, Benefits for Children, *available at* https://www.ssa.gov/benefits/disability/family.html (last visited Aug. 2, 2022).

Regardless, based on the allegations of the complaint, Hamilton's son is no longer a minor child. *See* TEX. FAM. CODE § 101.003(a), (c) ("'Child' or 'minor' means a person under 18 years of age who is not and has not been married or who has not had the disabilities of minority removed for general purposes." And "'Adult' means a person who is not a child."); *Rivas Rodriquez v. Carroll*, Civ. A. No. 4:19-01406, 2020 WL 6728838, at *12 (S.D. Tex. Sept. 16, 2020) ("Texas law makes clear that the age of majority [is] 18.").

So she may not litigate this claim *pro se* on his behalf in federal court. *Cf. Rose v. Colvin*, No. 3:15-cv-2187-BN. 2016 WL 3031853, at *1 (N.D. Tex. May 26, 2016) (A *pro se* Social Security appeal on behalf of a minor child "is 'an exception' to the rule 'that "non-attorney parents generally may not litigate the claims of their minor children in federal court."' *Sprague v. Dep't of Family & Prot. Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013) (per curiam) (quoting *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (collecting cases)). Social Security proceedings have been distinguished from the general rule on the basis that 'the minors' rights [are] adequately protected without legal counsel because [such] proceedings "essentially involve the review of an administrative record."' *Id.* (quoting *Harris v. Apfel*, 209 F.3d

413, 417 (5th Cir. 2000); citation omitted).").

Considering Hamilton's allegations, the Court therefore lacks subject matter jurisdiction over this lawsuit. *See Caluden v. Comm'r of Soc. Sec.*, No. 4:10CV00034, 2011 WL 1154214, at *1 (W.D. Va. Mar. 21, 2011) ("The federal courts have jurisdiction only over cases or controversies. Thus, in order to invoke the jurisdiction of a federal court, a plaintiff must establish that he/she has standing, that is, has suffered the injury or threatened injury sought to be redressed by the action. A *pro se*, non-attorney parent of an adult child does not have standing to file and litigate an action on behalf of the child against the Commissioner of Social Security for the denial of the adult child's claim for Social Security disability benefits. The court is without subject matter jurisdiction which necessitates the dismissal of this action." (citations omitted)), *rec. accepted*, 2011 WL 2003445 (W.D. Va. May 24, 2011). *Accord Bostic v. Dep't of Soc. Sec.*, No. 1:18-cv-638 (CMH/TCB), 2019 WL 1877972, at *3 (E.D. Va. Mar. 21, 2019), *rec. adopted*, 2019 WL 1877686 (E.D. Va. Apr. 26, 2019).[1]

## Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on

---

[1] *Cf. Wesley v. Astrue*, No. 4:11-cv-806-A, 2012 WL 75758, at *3 (N.D. Tex. Jan. 10, 2012) ("The Fifth Circuit has not recognized any rule of standing that would allow the non-attorney grandparent of an adult child handle that child's appeal from the unfavorable decision of the Social Security Administration Commissioner. While the Fifth Circuit has allowed non-attorney parents to handle such an appeal on behalf of their minor children, that decision is factually distinct from the case at bar. Wesley is twenty-six years old and by no means a minor child. At the time the appeal was filed on September 1, 2007, Wesley was already twenty-two years old and therefore an adult." (citation omitted)).

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 3, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE